MOORE, Chief Justice
(dissenting).
Kenneth Ray Cornelius petitions this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals dismissing Cornelius’s appeal to that court. Today this Court denies his petition for a writ of certiorari. I respectfully dissent.
Cornelius filed a motion for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975 (which was repealed effective March IS, 201⅛ see Act No. 2014-165, Ala. Acts 2014), and Kirby v. State, 899 So.2d 968 (Ala.2004). Such a motion is referred to as a “Kirby motion.” The Cullman Circuit Court denied Cornelius’s Kirby motion, and Cornelius appealed the circuit court’s decision to the Court of Criminal Appeals. On January 15, 2015, the Court of Criminal Appeals dismissed Cornelius’s appeal on the ground that Cornelius’s Kirby motion was filed on March 13, 2014, the effective date of the repeal of §. 13A-5-9.1. The Court of Criminal Appeals determined that the circuit court lacked the jurisdiction to rule on Cornelius’s Kirby motion on March 13, 2014, when the repeal of § 13A-5-9.1 became effective.
Act No'. 2014-165 states, in pertinent part:
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Section 13A-5-9.1, Code of Alabama 1975, is repealed.
*931 “Section 2. This act shall be applied prospectively only. Any case, on the effective date of this act, in which a motion filed pursuant to Section 13A-5-9.1, Code of Alabama 1975,. is fending in the trial court .,. shall not be affected by the act.
“Section 3.' This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

“Approved March IS, 20 U

“Time: 7:20 A.M.”
(Emphasis added.) Section 2 provides that any Kirby motion “pending” in the trial court on the effective date of the act (March 13, 2014) “shall not be affected by the act.” Because in my view Cornelius’s Kirby motion was filed on and therefore was pending on March 13, 2014, I believe the circuit court retained jurisdiction to consider Cornelius’s Kirby motion. Accordingly, I respectfully dissent. I would grant the petition to determine whether the door on Cornelius’s Kirby motion was closed a day too early.